## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Benjamin Villatoro, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>Suds & Bubbles Inc. d/b/a Turnpike Car Wash and John Does #1-10,<br><br>Defendants. | DOCKET NO. 20-cv-4972<br><br>**COMPLAINT** |

Plaintiff Benjamin Villatoro, by and through his undersigned attorneys, for his complaint against defendants Suds & Bubbles Inc. d/b/a Turnpike Car Wash and John Does #1-10, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiff Benjamin Villatoro alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants Suds & Bubbles Inc. d/b/a

Turnpike Car Wash and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.    Mr. Villatoro further complains that he is entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.    Benjamin Villatoro is an adult individual residing in Huntington Station, New York.

4.    Mr. Villatoro consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

5.    Upon information and belief, defendant Suds & Bubbles Inc. d/b/a Turnpike Car Wash ("Turnpike Car Wash") is a New York corporation with a principal business address of 217 West Jericho Turnpike, Huntington Station, New York.

6.    At all relevant times, defendant Turnpike Car Wash has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

7.    Upon information and belief, at all relevant times, defendant Turnpike Car Wash has had gross annual revenues in excess of $500,000.00.

8.    Upon information and belief, at all relevant times herein, defendant Turnpike Car Wash has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9.    Upon information and belief, at all relevant times, defendant Turnpike Car Wash has constituted an "enterprise" as defined in the FLSA.

10.  Upon information and belief, defendants John Does #1-10 represent the owners, officers, directors, members, and/or managing agents of Turnpike Car Wash, whose identities

are unknown at this time, who participated in the day-to-day operations of Turnpike Car Wash, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

11.  For example, one of the John Doe defendants — the woman who owned Turnpike Car Wash — set Mr. Villatoro's pay and paid him each week.

12.  This woman also hired the manager, Vincent, who set Mr. Villatoro's schedule and supervised him on a day to day basis.

13.  Defendants constituted "employers" of Mr. Villatoro as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Villatoro's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.   Pursuant to 29 U.S.C. § 207, Mr. Villatoro seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since September 16, 2017, to the entry of judgment in this case (the "Collective Action Period"), who were car wash employees, and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.   The Collective Action Members are similarly situated to Mr. Villatoro in that they were employed by defendants as non-exempt car wash employees, and were denied premium overtime pay for hours worked beyond forty hours in a week.

18.   They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

19.   Mr. Villatoro and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

20.  The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

### FACTS

21.  At all relevant times herein, defendants owned and operated a car wash in Suffolk County, New York.

22.  Mr. Villatoro has been employed at Turnpike Car Wash since approximately July 2014, except for roughly three months from mid-March 2020 through June 20, 2020 because of the COVID-19 pandemic.

23.  Mr. Villatoro was employed as a car wash employee.

24.  Mr. Villatoro's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

25.  At all relevant times herein, Mr. Villatoro was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26.  Mr. Villatoro has worked regular schedules throughout his employment, working 10½ hour days.

27.  From roughly February through September each year, Mr. Villatoro worked seven days per week, for a total of about 73½ hours per week.

28.   The remainder of the year each year he worked only six days per week, for a total of around 63 hours per week.

29.   Since the carwash reopened in June 2020, he has worked only five days per week, for a total of about 52½ hours per week.

30.   Mr. Villatoro was paid by the hour throughout his employment.

31.   When his employment began in 2014, he was paid $8.00 per hour; he got a raise to $9 per hour in 2016, and to $10.00 per hour in 2018.

32.   Mr. Villatoro was paid at these rates for all of the hours that he worked.

33.   For roughly the first two years of his employment, Mr. Villatoro was paid solely in cash.

34.   Commencing in roughly 2016, defendants began paying him by a combination of cash and check each week.  The check was always for 30 hours of work each week.

35.   When Mr. Villatoro was paid solely in cash, he received no paystubs or wage statements of any sort with his pay.

36.   When Mr. Villatoro was paid by a combination of check and cash, he received paystubs for the check portion of his pay only.  The paystubs, however, did not reflect the

cash payments that he received and did not reflect all of his hours worked.

37.  As a result, Mr. Villatoro's effective rate of pay was below the statutory New York minimum wage throughout all of his employment with the exception of 2016.

38.  Defendants' failure to pay Mr. Villatoro amounts at least equal to the New York state minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

39.  In addition to his pay, Mr. Villatoro sometimes received tips for his work, which he pooled and shared with the other employees.

40.  However, defendants never provided Mr. Villatoro with any notices or information regarding the "tip credit."

41.  Upon information and belief, defendants did not keep records of the tips received by Mr. Villatoro.

42.  In addition, defendants failed to pay Mr. Villatoro any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

43.  Defendants' failure to pay Mr. Villatoro the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

44. Mr. Villatoro generally worked at least five shifts per week that lasted in excess of ten hours per day from start to finish, yet defendants willfully failed to pay him one additional hour's pay at the minimum wage for each day he worked such shifts, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

45. Defendants failed to provide Mr. Villatoro with a written notice, in his primary language of Spanish, providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act.

46. Defendants failed to provide Mr. Villatoro with accurate weekly records of his regular and overtime compensation and hours worked, in violation of the Wage Theft Prevention Act.

47. Upon information and belief, throughout the period of Mr. Villatoro's employment and continuing until today, defendants have likewise employed other individuals like plaintiff (the Collective Action Members) in positions at defendants' car wash that required little skill, no capital

investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

48. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

49. Upon information and belief, at times defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the New York Labor Law.

50. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

51. Upon information and belief, when these other individuals worked shifts that lasted in excess of ten hours per day from start to finish, defendants willfully failed to pay them one additional hour's pay at the minimum wage for each day they worked such shifts, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

52.   Upon   information   and   belief,   these   other individuals were not provided with required wage notices, or compliant weekly wage statements, as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

53.   Upon   information   and   belief,   while   defendants employed Mr. Villatoro and the Collective Action Members and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

54.   Upon   information   and   belief,   while   defendants employed Mr. Villatoro and the Collective Action Members and through all relevant time periods, defendants failed to post or keep posted notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law — Minimum Wage)

55.   Mr. Villatoro repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

56.   At all relevant times, Mr. Villatoro was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

57.   Defendants willfully violated the rights of Mr. Villatoro by failing to pay him compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

58.   Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

59.   Due to defendants' New York Labor Law violations, Mr. Villatoro is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

60.   Mr. Villatoro, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61.   At all relevant times, defendants employed Mr. Villatoro and each of the Collective Action Members within the meaning of the FLSA.

62.   At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their

employees for hours they worked in excess of forty hours per workweek.

63. As a result of defendants' willful failure to compensate their employees, including Mr. Villatoro and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

64. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

65. Due to defendants' FLSA violations, Mr. Villatoro and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

66. Mr. Villatoro repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

67.  At all relevant times, Mr. Villatoro was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

68.  Defendants willfully violated the rights of Mr. Villatoro by failing to pay him overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 142.

69.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

70.  Due to defendants' New York Labor Law violations, Mr. Villatoro is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law – Spread of Hours)

71.  Mr. Villatoro repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72.  At all relevant times, Mr. Villatoro was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73.  Defendants willfully violated Mr. Villatoro's rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked shifts lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 142-2.4.

74.  Defendants' failure to pay the "spread of hours" premium was willful within the meaning of New York Labor Law § 663 and supporting regulations.

75.  Due to defendants' New York Labor Law violations, Mr. Villatoro is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT V

### (New York Labor Law — Wage Theft Prevention Act)

76.  Mr. Villatoro repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

77. At all relevant times, Mr. Villatoro was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78. Defendants willfully violated the rights of Mr. Villatoro by failing to provide him with the wage notice required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

79. Defendants willfully violated the rights of Mr. Villatoro by failing to provide him with compliant weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

80. Due to defendants' New York Labor Law violations relating to the failure to provide compliant paystubs, Mr. Villatoro is entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of his employment, up to the maximum statutory damages.

81. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Villatoro is entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of his employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Villatoro respectfully requests that this Court grant the following relief:

    a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Villatoro and his counsel to represent the Collective Action members;

    b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    c.  An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

f.  An award of compensatory damages as a result of defendants' failure to pay the spread of hours premium payment pursuant to New York Labor Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for defendants' New York Labor Law violations;

i.  Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this

Court deems just and proper.

Dated:  September 16, 2020

_____

David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiff

Individually and on behalf of
others similarly situated

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Suds & Bubbles Inc. d/b/a Turnpike Car Wash and its owners and affiliates to pay me, inter alia, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de Suds & Bubbles Inc. d/b/a Turnpike Car Wash y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_Benjamin Villatora_
Benjamin Villatora

Date: August 14, 2020